**509. FALSE REPRESENTATION.**
See 723. Life Insurance. Metro. Life Ins. Co. v. Feczko, OA. 6 Abs. 238.

**661. INTOXICATING LIQUOR.**
Bender v. Addams, OA. 6 Abs. 231.

**677. JUDGMENTS.**
Sentich v. Village of Cleve. Hts., OA. 6 Abs. 235.

**681. JURISDICTION.**
Kaufman v. McCall Co., OA. 6 Abs. 226.
See 865. Office and Officers. Leach v. Xenia (City), OA. 6 Abs. 238.
See 62. Alimony. Spyglass v. Spyglass, OA. 6 Abs. 236.

**708. LEASES.**
See 755. Mechanics' Liens. Harvard Lumber Co. v. Kneblewicz, OA. 6 Abs. 227.

**723. LIFE INSURANCE.**
Metro. Life Ins. Co. v. Feczko, OA. 6 Abs. 238.

**753. MEASURE OF DAMAGES.**
Ward Baking Co. v. Trizzino, OA. 6 Abs. 229.
Selzer et v. Turske et, OA. 6 Abs. 234.

**755. MECHANICS' LIENS.**
Harvard Lumber Co. v. Kneblewicz, OA. 6 Abs. 227.

**771. MISCONDUCT—Of Trial Judge.**
Stroizer v. Paul, OA. 6 Abs. 229.

**798. MUNICIPAL COURT.**
See 681. Jurisdiction. Kaufman v. McCall, OA. 6 Abs. 226.

**801. MUNICIPALITIES.**
Columbus Bd. Ed. v. City of Columbus, OS. 6 Abs. 239.

**801. MUNICIPAL LAW.**
See 1010. Referendum. Dillon v. City of Cleveland, OA. 6 Abs. 236.

**829. NEGLIGENCE.**
Krakoff v. Krakoff, OA. 6 Abs. 228.
Ward Baking Co. v. Trizzino, OA. 6 Abs. 229.

**841. NEW TRIAL.**
Zander v. Fanslaw, OA. 6 Abs. 233.

**851. NOTICE.**
See 755. Mechanics' Liens. Harvard Lumber Co. v. Kneblewicz, OA. 6 Abs. 227.

**865. OFFICE AND OFFICERS.**
See 1010. Referendum. Dillon v. City of Cleveland, OA. 6 Abs. 236.
Leach v. Xenia (City), OA. 6 Abs. 238.

**884. PAROL EVIDENCE.**
See 297. Contracts. Selzer et v. Turske et, OA. 6 Abs. 204.

**887. PARTIES.**
See 297. Contracts. Windermere Sav. & L. Co. v. Cleve. Cit. Pub. Co., OA. 6 Abs. 238.

**923. PLEADINGS.**
Sentich v. Village of Cleve. Hts., OA. 6 Abs. 235.
Zander v. Fanslaw, OA. 6 Abs. 233.

**951. PRINCIPAL AND AGENT.**
Bender v. Addams et, OA. 6 Abs. 231.

**956. PRIVITY—Of Contract.**
See 1225. Warranty. Ward Baking Co. v. Trizzino, OA. 6 Abs. 229.

**973. PUBLIC UTILITIES.**
See 801. Municipalities. Columbus Bd. Ed. v. City of Columbus, OS. 6 Abs. 239.

**1010. REFERENDUM.**
Dillon v. Cleveland (City), OA. 6 Abs. 236.

**1056. SCHOOLS AND SCHOOL DISTRICTS.**
See 801. Municipalities. Columbus Bd. Ed. v. City of Columbus, OS. 6 Abs. 239.

(Continued on Page 236)

---

## EPITOMIZED OPINIONS
### Published only in the Abstract

### KAUFMAN v. McCALL CO.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3081. Decided Jan. 3, 1928.

First Publication of this Opinion.

#### Syllabus by Editorial Staff.

**681. JURISDICTION—798. Municipal Court.**

1. Section 1558-9 GC. does not give general equitable jurisdiction to Municipal Court.

2. This section gives Municipal Court equitable jurisdiction to carry out its judgments and orders, and over such matters as affect rights of parties on merits of case pending.

3. In action on account, Municipal Court does not have jurisdiction, on cross-bill of particulars, to grant permanent injunction, enjoining plaintiff from proceeding further with action and from bringing other actions against defendant covering matters at issue in case.

Error to Common Pleas.
Judgment affirmed.

Dinsmore, Shohl & Sawyer and F. B. Mc-Conaughy, Cincinnati, for Kaufman.

Edward H. Brink and John J. Cooney, Cincinnati, for McCall Co.

#### STATEMENT OF FACTS.

Defendant in error brought an action in the Municipal Court of Cincinnati on an account. Plaintiff in error, defendant in the action, filed a general denial, and then, by way of a cross-bill of particulars filed in the case, asked the court to permanently enjoin the plaintiff from proceeding further with the action, and from bringing any other action against the defendant, Kaufman, covering the matters at issue in the case.

A demurrer was filed to the cross-bill of particulars, and was sustained by the Municipal Court. Kaufman prosecuted error to the Court of Common Pleas from the sustaining of the demurrer to the cross-bill. The Court of Common Pleas affirmed the Municipal Court, and Kaufman prosecutes error to this court, seeking a reversal of the judgment of the Common Pleas and of the Municipal Court.

#### OPINION OF COURT.

The following is taken, verbatim, from the opinion.

HAMILTON, PJ.

The question here is, whether or not the Municipal Court had jurisdiction to grant the equitable relief sought by the cross-bill of particulars.

It is argued by counsel for the plaintiff in error that such authority is to be found in 1558-9 GC., the pertinent part of which is as follows:

"In the actions and proceedings of which the Municipal Court has jurisdiction, all laws conferring jurisdictions upon a court of Common Pleas, giving such court power to hear and determine such causes, prescribing the force and effect of their judgments, orders or decrees, shall be held to extend to the Municipal Court, unless inconsistent with this act or plainly inapplicable."

We do not construe Section 1558-9 to give general equitable power to the Municipal Court. The cross-bill brings before the court the question of the exercise of general equitable power. The relief is not based on any rights growing out of the merits of the case or liability on the account. It seeks to defeat the prosecution of the action. It may well be doubted that the cross-bill could be injected into the case had the court general equitable power.

Section 1558-9 GC. gives the Municipal Court equitable jurisdiction, when necessary, in order to carry out its judgments and orders and such matters as affect the rights of the parties on the merits of the case pending.

It is suggested in the brief that the section in question does not expressly exclude the granting of an injunction by the Municipal Court in this case. But this is not the rule. The power must be expressly granted, and, not having been so granted, the Municipal Court was correct in sustaining the demurrer to the cross-bill of particulars.

The judgments of the Court of Common Pleas and Municipal Court will be affirmed.

(Mills and Cushing, JJ. concur.)